**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| W.A. CROSBY, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 9:05-cv-02821 |
| | ) | |
| CVS PHARMACY, INC., | ) | |
|         Defendant. | ) | |
| _____ | ) | **ORDER** |
| ELIZABETH CROSBY, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 9:05-cv-02831 |
| | ) | |
| CVS PHARMACY, INC., | ) | |
|         Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiffs W.A. and Elizabeth Crosby's Motion to Remand.

**FACTS**

On or about September 8, 2002, Elizabeth Crosby was prescribed Tamoxifen as a preventative medication following her treatment for breast cancer. Mrs. Crosby filled her prescription at the CVS in Hampton County, South Carolina. When the CVS Pharmacy filled the prescription, the pharmacy in error filled it for two 20 mg tablets per day instead of the prescribed one 20 mg tablet per day. According to Plaintiffs' complaint, the overdose of Tamoxifen has caused Mrs. Crosby to "suffer serious injury."

On September 1, 2005, Mrs. and Mr. Crosby brought this action against CVS Pharmacy in State Court, alleging that CVS's negligence and reckless acts caused Mrs. Crosby's injuries. Mrs. Crosby seeks actual and punitive damages. Mr. Crosby seeks recovery for loss of consortium. Neither Plaintiff's complaint nor discovery to date has disclosed to the court the nature or extent of

Mrs. Crosby's alleged injuries.

Defendant CVS removed this case to federal district court on September 29, 2005, alleging that although "Plaintiff has not identified a specific amount of damages incurred by the Plaintiff. . . [h]owever, Plaintiff alleges that the personal injuries may be permanent and lasting and that the Plaintiff has been hospitalized and incurred lost wages."   Accordingly, Defendant asserts that Plaintiff's claim is worth in excess of $75,000, thus meeting the jurisdictional requirements to be in federal court under diversity jurisdiction.   It is uncontested that the parties are of diverse citizenship.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction.  A defendant who has removed an action to federal court has the burden of establishing subject matter jurisdiction.  *Mulcahey v. Columbia Organic Chem. Co., Inc*., 29 F.3d 148, 151 (4th Cir.1994).  "If federal jurisdiction is doubtful, remand is necessary."   *Id*.  As a general rule, the sum claimed by a plaintiff in his complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Jones v. Allstate Ins. Co.*, 258 F.Supp.2d 424, 427 (D.S.C. 2003); *Spann v. Style Crest Prods., Inc.,* 171 F.Supp.2d 605, 608-09 (D.S.C.2001); Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, 14A *Federal Practice and Procedure* § 3702 ("Under well-settled principles, the plaintiff is the master of his or her claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.")**.** However, where Plaintiff has alleged an indeterminate amount of damages, as where he claims some

amount "not to exceed $75,000," the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. *See*14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3725 at 73 (3d ed.1998). The court is limited to examining only evidence that was available at the moment the petition for removal was filed. *See Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428 (7th Cir. 1997).

The Fourth Circuit has not decided the precise standard on a motion to remand for determining the value of an unspecified damage claim.[1] *See Rota v. Consolidation Coal Co.,* 175 F.3d 1016 n. 4 (4th Cir.1999) (noting that the proper standard for assessing the value of an unspecified damage claim is subject to "debate" and declining to adopt a particular standard). This court follows the "preponderance of the evidence" standard[2] because, as stated in *White,* 861 F.Supp. at 27, "[t]he court is not required to leave its common sense behind" when ascertaining the proper amount in controversy. Moreover, by applying the preponderance of the evidence standard, the court strikes an appropriate balance between a defendant's right of removal and a plaintiff's right to be master of his own claim. *Dash v. Firstplus Home Loan Trust,* 248 F.Supp.2d 489 (M.D.N.C.

---

[1] It is well established that the "legal certainty" standard applies as to the amount in controversy when the case is filed by the plaintiff in federal court and the defendant challenges jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938). The confusion over the standard only exists in cases in which the defendant has removed the case from state court and asserts that the amount in controversy is above the jurisdictional amount.

[2] "The burden of showing something by a preponderance of the evidence ... simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." *Metropolitan Stevedore Co. v. Rambo,* 521 U.S. 121 (1997) (quoting *Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers Pension Trust for Southern Cal.,* 508 U.S. 602, 622,(1993)).

2003). "The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. . . [t]he defendant must produce evidence that establishes that the actual amount in controversy exceeds $[75],000." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *see also Sayre v. Potts,* 32 F.Supp.2d 881, 886 (S.D.W.Va. 1999) ("To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000.00."). Allowing removal under a less stringent standard would allow removal in almost any case in which a plaintiff seeks punitive damages, thus effectively eviscerating the amount in controversy requirement. *See Spann*, 171 F.Supp.2d at 610.

## ANALYSIS

In this case, Defendant claims that because Plaintiff Mrs. Crosby alleges "serious injuries," seeks actual and punitive damages, and will not stipulate that the value of the case is less than $75,000, it is likely that "Plaintiff will be claiming in excess of the $75,000 jurisdictional threshold." (Notice of Removal at 2.) Thus, Defendant argues that removal to federal court is proper.

The court, however, cannot agree with this logic. Plaintiffs' complaints do not describe the nature or extent of Mrs. Crosby's injuries, the amount of medical expenses incurred, or the amount of time Plaintiffs have had to miss from work. Defendant's notice of removal likewise gives no indication of the actual damages which may be likely in this case. The bare fact that Plaintiff Mrs. Crosby seeks punitive damages does not establish that the amount in controversy is met. As is well established by South Carolina courts, punitive damages must bear a reasonable relationship to compensatory damages. *Hughey v. Ausborn,* 154 S.E.2d 839, 841 (S.C. 1967). Without any information regarding the potential actual damages, the court cannot speculate as to the possible punitive damages and whether they will exceed the jurisdictional amount.

The court has been presented with no evidence by which it can ascertain the appropriate

amount in controversy. The court therefore finds that it is has no reason to doubt Plaintiffs'

assertion that their claim will not exceed $75,000. Because the burden of proving jurisdiction by

a preponderance of the evidence rests with the removing party, and because no evidence at all has

been presented regarding the extent of injuries suffered by Mrs. Crosby, the court finds that

Defendant has not met its burden to show that either Mr. or Mrs. Crosby's claims are worth in

excess of the jurisdictional amount. Plaintiff's Motion to Remand is therefore granted.

This remand is made without prejudice such that, should evidence come to light that shows

that this case has become removable, as it very well may, Defendants may remove this case at that

time. 28 U.S.C. § 1446.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiffs' Motion to Remand to

State Court is hereby **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 20, 2005.**